IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH W. PENDLETON,

    Plaintiff,

v.

DANE COUNTY JAIL,

    Defendant.

OPINION & ORDER

Case No. 18-cv-701-wmc

*Pro se* plaintiff Kenneth Pendleton brings this action under 42 U.S.C. § 1983 against the Dane County Jail. Pendleton claims that the jail has violated his constitutional rights in responding to an arm injury and because of the conditions at the jail. The complaint is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). After review, the court concludes that while plaintiff may be able to a articulate constitutional claim, he will be required to amend his complaint that names a proper defendant to avoid dismissal.

ALLEGATIONS OF FACT[1]

As of June 20, 2018, Pendleton was an inmate at the Dane County Jail, and it appears he is still incarcerated there. That day, his arm got caught in a sliding door at the jail. While Deputy Bolvan tried to push the door off of his arm, the door continued to close. Apparently another officer, Deputy Tilleson, opened the sliding door from the control box, which further trapped his arm. After Pendleton's arm was freed, he went to see a nurse, but he did not receive any medication, nor was he examined by a doctor or

---

[1] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inference in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

taken to another facility for an examination. Pendleton alleges that this lack of treatment continued even though he went back to see the nurse on multiple subsequent occasions. Pendleton further states that he continues to suffer from the pain; he cannot sleep at night, nor can he lay on his arm or move in certain ways.

Finally, in his prayer for relief, Pendleton claims that he has been bitten by a deer tick and that there is lead in the water at the jail. He does not provide any further allegations to provide context for these assertions.

OPINION

Plaintiff does not explicitly state the claims he is pursuing, but it appears that he would like to proceed on constitutional claims related to his arm injury and conditions of confinement. The court will address the merit of those potential claims separately, but first the court will explain a more fundamental problem with plaintiff's complaint: he has not identified a proper defendant.

I. Failure to Identify a Proper Defendant

The Dane County Jail is not a suable entity for purposes of § 1983. The jail is a building and cannot be sued because it cannot accept service of the complaint. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, if plaintiff wants to proceed in this lawsuit, he will need to file an amended complaint that identifies a proper defendant. Such a defendant would include any jail employee that was personally involved in the claims he is pursuing. *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010)

("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation."). If plaintiff does not know the identities of such person or persons, he may amend his complaint and identify the defendant or defendant by the name "Jane Doe" or "John Doe" as appropriate. Should plaintiff take that approach, the court will screen his complaint and plaintiff will then be afforded the opportunity to conduct discovery that will help him identify and substitute the proper defendants.

II. **Claim Related to Arm Injury**

As to the potential merit of plaintiff's claim related to his arm injury, a threshold question to plaintiff's claim related to his arm injury is plaintiff's status: he does not explain whether he was a pretrial detainee or a convicted prisoner when he was injured, and this fact is relevant to the legal standard that applies to his claims. If he is a detainee, his claims are governed by the due process clause of the Fourteenth Amendment; if he is a prisoner, then his claim is governed by the Eighth Amendment. *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015).

Historically, the Seventh Circuit has applied the Eighth Amendment standard to detainee's constitutional claims related to medical care and conditions of confinement, but it recently changed course based on the Supreme Court's reasoning in *Kingsley v. Hendrickson* that excessive force claims by pretrial detainees are governed by the due process clause of the Fourteenth Amendment, and that the standard is whether the defendant's actions were objectively unreasonable given the circumstances. 135 S. Ct. 2466, 2475 (2015). Specifically, in *Miranda v. County of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018),

3

the Seventh Circuit extended the logic in *Kingsley* to medical care claims. Therefore, under *Kingsley* and *Miranda*, the failure to provide medical care or adequate conditions of confinement violates the Due Process Clause if: (1) the defendants acted with purposeful, knowing, or reckless disregard of the consequences of their actions; and (2) the defendants' conduct was objectively unreasonable. *Id.* at 352–53. While it is not enough to show negligence, the plaintiff is not required to prove the defendant's subjective awareness that the conduct was unreasonable. *Id.* at 353.

The Eighth Amendment standard is decidedly more deferential to prison officials. A prison official who violates the Eighth Amendment in the context of a prisoner's medical treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). For a prisoner to demonstrate that his conditions of confinement violate the Eighth Amendment, he must allege facts sufficient to satisfy a test involving both an objective and a subjective component. *Farmer*, 511 U.S. 825, 832 (1994). The objective analysis concerns whether jail conditions result "in the denial of 'the minimal civilized measure of life's necessities,'" *id.* (quoting *Rhodes*, 452 U.S. 337, 347 (1981)), or "exceed[] contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). The subjective component requires an allegation that jail officials acted with deliberate indifference to a substantial risk of serious harm to the plaintiff. *Id.* "Deliberate indifference" means that the officials knew that the plaintiff faced a substantial risk of serious harm yet disregarded that risk by failing to take reasonable measures to address it. *Farmer*, 511 U.S. at 845–46. Thus, it is not enough if a plaintiff

4

alleges that a defendant acted negligently or should have known of the risk. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

As currently pled, it appears that plaintiff could state a claim against both Tilleson and the nurse as defendants, regardless of the relevant legal standard. Indeed, it appears that Tilleson may have responded unreasonably when he opened the door while plaintiff's arm was in it. Additionally, even though plaintiff visited a nurse after the injury, his allegations suggest that the nurse who saw him did not provide him any medication or treatment, even though he went to see the nurse multiple times, each time complaining about pain and requesting be seen at a hospital. However, despite the leniency this court affords *pro se* litigants, the court lacks the authority to amend plaintiff's complaint for him to substitute these individuals as defendants. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). Accordingly, if plaintiff wishes to proceed against these individuals, he may include them as when preparing his amended complaint. Again, if he does not know the name of the nurse, he may label her "Jane Doe."

III.    **Conditions of Confinement**

Finally, assuming that plaintiff also would like to proceed on claims related to his stray allegations about lead in the water and being bitten by a deer tick, these claims do not appear to comport with Federal Rules of Civil Procedure 8 and 20. To start, Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Moreover, plaintiff's complaint

"must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). With respect to the tick, being bitten by one bug does not give rise to constitutionally infirm conditions of confinement. *See Sain v. Wood*, 512 F.3d 886 (7th Cir. 2008) (while unpleasant, allegation of cockroach infestation spanning six years, including being bitten twice, did not constitute a constitutional violation). As for the lead in the water, plaintiff has provided no context about when he has been exposed to lead. More problematic, plaintiff has not alleged that any *individual* at the jail was aware that plaintiff was dealing with these conditions and either ignored his complaints or responded unreasonably once he or she learned that plaintiff was being exposed to lead. As such, plaintiff has not pled sufficient facts to state a constitutional claim. While plaintiff may be able to provide additional facts sufficient to state a claim with respect to these conditions, it appears the Rule 20 would prevent him from pursuing these claims along with his arm injury claim in this lawsuit.

Under Rule 20, a plaintiff cannot bring unrelated claims against different defendants or sets of defendants in the same lawsuit. More specifically, this means that multiple defendants may not be joined in a single action unless the plaintiff: (1) asserts at least one claim to relief against each defendant arising out of the same transaction or occurrence or series of transactions or occurrences; *and* (2) presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's arm injury and the conditions he deals with in his cell are not part of the same transaction and occurrence. Unless both claims involve the same defendant or defendants, which appears

unlikely given the context of both claims, both claims do not belong in the same lawsuit. If the court's assumption is correct, and the court is also correct that plaintiff's main goal in this lawsuit is to pursue a claim related to his arm injury, plaintiff would need to file a separate lawsuit related to the conditions of his confinement. Plaintiff should carefully consider all of these issues in crafting his proposed amended complaint, which, as mentioned, is subject to screening under § 1915(e)(2).

ORDER

1. Plaintiff Kenneth Pendleton's complaint is DISMISSED without prejudice for failure to identify a proper defendant.

2. Plaintiff may have until **May 15, 2019, to submit an amended complaint that identifies a suable person or entity for purposes of 42 U.S.C. § 1983 and addresses the deficiencies addressed above. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to prosecute.**

Entered this 24th day of April, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge