IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH PENDLETON,

     Plaintiff,

v.

TILLESON and
LAVONDA HAYES,

     Defendants.

OPINION AND ORDER

No.  18-cv-701-wmc

Pro se plaintiff Kenneth Pendleton is proceeding in this lawsuit pursuant to 42 U.S.C. § 1983, on claims that defendant Tilleson trapped his arm in a cell door, and defendant Nurse Lavonda Hayes failed to provide him pain medication or refer him to a doctor for treatment, in violation of his Fourteenth Amendment rights.  On March 26, 2021, defendant Hayes filed a motion to compel plaintiff to sign an authorization to release his medical records, asking that the court warm Pendleton that his failure to turn over the authorizations will cause the court to dismiss his claims with prejudice.  (Dkt. 45.)  On April 14, 2021, defendant Tilleson filed a motion to join Hayes's motion (dkt. 48), which I grant.   Due to Pendleton's representations that he had been ill with COVID-19 and was trying to navigate this case *pro se*, I granted Pendleton two extensions of time to respond to these motions.  On May 14, 2021, Pendleton submitted a one-page document asking to avoid dismissal because his claim had merit.  (Dkt. 56.)   He did not indicate whether he would provide defendant Hayes the requested authorizations.  I am granting defendant's motion to compel, with a qualifier that I discuss below.

Hayes explains that the authorization seeks release of Pendleton's medical records related to his incarceration at the Dane County Jail, care received at that facility, and treatment

Pendleton received for his arm injury from outside providers, including UW Health.  Pendleton has not responded to the request for a signed authorization, nor has Pendleton responded to counsel's communications seeking his response.  Hayes rightly contends that to adequately investigate Pendleton's claim about his injury, she is entitled to review those records. Pendleton has not explained why he has failed to provide Hayes the authorization, and his letter does not suggest that he would object to the requested disclosure.  Therefore, I will direct Pendleton to provide defendant Hayes's attorney with a signed medical authorization not later than **July 8, 2021**.  If Pendleton needs another copy of the authorizations Hayes's counsel previously sent him, he should promptly contact Hayes's counsel to obtain a copy for his review and authorization.

Here is the qualifier: the court is not *ordering* Pendleton to provide a signed authorization.  This court does not compel parties to disclose confidential medical records if they choose not to do so.  But Pendleton can't have it both ways: he cannot make claims that directly involve his medical conditions and treatment, but then refuse to disclose his medical records to the defendant.  Because defendants are entitled to investigate each of the elements of Pendleton's claim, if Pendleton chooses not to turn over the requested records, then Judge Conley probably would grant a defense motion to dismiss this lawsuit for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1.  Defendant Tilleson's motion to join defendant Hayes's motion to compel (dkt. 48) is GRANTED.

2.  Defendant Hayes's motion to compel is GRANTED (dkt. 45) as follows:  not later **July 8, 2021**, plaintiff Kenneth Pendleton either must provide to defendant Hayes's attorney the signed medical records authorizations or must advise defendant Hayes's attorney in writing that he has chosen not to provide the authorizations.

Entered this 17th day of June, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge

3